THIS DISPOSITION IS A
PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
 **Alexandria, VA  22313-1451**

Greenbaum

Mailed:  February 7, 2008

Opposition No. 91180596

Springfield, Inc.

v.

XD

Before Sams, Chief Administrative Trademark Judge, and
Rogers and Mermelstein, Administrative Trademark Judges.

By the Board:

This case comes up on opposer's motion (filed November
26, 2007) to file an amended notice of opposition.  For the
reasons discussed below, the motion is denied, and the
opposition is dismissed as a nullity.[1]

As background, on November 7, 2007, the last day of the
opposition period, as extended, opposer filed, via the
Board's Electronic System for Trademark Trials and Appeals
(ESTTA), a notice of opposition against involved application
Serial No. 77064833.  Opposer checked the applicable box on
the ESTTA form to indicate that it had effected service on

---

[1] That is to say, the opposition should never have been
instituted.  Opposer's filing fee will be refunded in due course.

applicant, absent which ESTTA would not have allowed opposer to complete the electronic filing process that resulted in institution of this proceeding.  However, opposer states in the current motion that it did not, in fact, comply with the service requirements set forth in Trademark Rules 2.101(a) and 2.101(d)(4), in that it did not serve a copy of the notice of opposition on applicant.[2]  Opposer seeks to remedy this oversight by amending the notice of opposition to indicate that it served a copy of the notice of opposition on applicant on November 26, 2007.

Trademark Rule 2.101(a) states that (emphasis added):

> An opposition proceeding is commenced by filing in the Office a timely notice of opposition with the required fee.  The notice <u>must include proof of service</u> on the applicant, or its attorney or domestic representative of record, at the correspondence address of record in the Office, as detailed in §§ 2.101(b) and 2.119.

Trademark Rule 2.101(d)(4) provides that (emphasis added):

> <u>The filing date of an opposition is the date of receipt in the Office of the notice of opposition</u>, <u>with proof of service</u> on the applicant, or its attorney or domestic representative of record, if one has been appointed, at the correspondence address of record in the Office, and the required fee, unless the notice is filed in accordance with § 2.198.

---

[2] Trademark Rules 2.111(a) and 2.111(c)(4) contain parallel provisions relating to petitions to cancel.

The proof of service requirement assumes actual service on applicant, or its attorney or domestic representative of record, if any. Proof of service is meaningless in the absence of actual service in accordance with the statements contained in the proof of service. The requirement of the rules is for proof of service, not a promise to make service at some time in the future. In the instant case, as discussed above, the notice of opposition included proof of service, but there was no actual service on applicant. Thus, opposer did not comply with the service requirement of the rules. Accordingly, opposer's notice of opposition should not have received a filing date, and this proceeding should not have been instituted.[3]

Application Serial No. 77064833 will be forwarded for issuance of a notice of allowance.[4]

---

[3] As a corollary, the Board will not institute an opposition or cancellation where there is no proof of service, even though there may have been actual service.

[4] Opposer is not without recourse, as it may file a petition to cancel if and when the mark in the involved application registers.